FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY STEVEN PESIK,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 10-9564
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This case is therefore ordered submitted without oral argument.

Petitioner Jerry Pesik, a native and citizen of Indonesia, seeks review of the

Board of Immigration Appeals' order dismissing his appeal from the denial of his

applications for asylum, withholding of removal, and relief under the Convention

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Against Torture.

Petitioner entered the United States in 1995 on a visitor's visa valid until January 21, 1996, and he remained in the country beyond this authorized period. He was placed in removal proceedings in 2003, and in 2005 he applied for asylum, withholding of removal, and relief under the Convention Against Torture. The immigration judge denied all of Petitioner's claims for relief, concluding that Petitioner's claim for asylum was time-barred, that he had not shown past persecution or a well-founded fear of future persecution in order to qualify for withholding of removal, and that he had not shown persecution by a government official in order to qualify for relief under the Convention Against Torture. The Board of Immigration Appeals dismissed Petitioner's appeal for essentially the same reasons given by the immigration judge.

In his petition for review to this court, Petitioner challenges only the ruling as to his application for withholding of removal. He argues that he presented sufficient evidence to establish he was and will be persecuted in Indonesia based on his identity as a Christian, and he contends he is also entitled to relief as a member of a disfavored group under a Ninth Circuit test he urges this circuit to adopt.

We review the agency's factual determination that Petitioner failed to demonstrate persecution under the substantial evidence standard, under which the agency's determination is "'conclusive unless any reasonable adjudicator would

2

be compelled to conclude to the contrary.'" *Ritonga v. Holder*, --- F.3d --- , 2011 WL 258380, at *2 (10th Cir. Jan. 28, 2011) (quoting 8 C.F.R. § 1252(b)(4)(B)). Under this standard, we are not persuaded that the evidence presented by Petitioner would compel any reasonable adjudicator to conclude he had suffered past persecution. The specific incidents experienced by Petitioner—Muslim neighbors throwing stones at him and burning his church's cross—fall short of the type of suffering or harm necessary to compel a determination of past persecution. *Cf. id.* at *4 (holding that a Christian Indonesian had failed to demonstrate past persecution where Muslims often screamed at and taunted her for being Christian, members of her family were subject to violence during anti-Christian rioting, and she suffered minor injuries when Muslims broke into her home and stole many of her possessions); *Sidabutar v. Gonzales*, 503 F.3d 1116, 1124 (10th Cir. 2007) (holding that a reasonable factfinder would not be compelled to find past persecution where a Christian Indonesian testified he was beaten repeatedly by Muslim classmates). Nor are we persuaded the State Department reports or other evidence in the administrative record compelled a conclusion that Petitioner had a well-founded fear of future persecution, especially where the evidence indicated Petitioner's Christian family members have remained unharmed in Indonesia. *See Ritonga*, 2011 WL 258380, at * 5.

Petitioner argues the Board of Immigration Appeals should have elaborated on whether there is a pattern and practice of persecution against Christians in

Indonesia. Because Petitioner did not raise this issue below, we lack jurisdiction to consider it. *See Witjaksono v. Holder*, 573 F.3d 968, 977-78 (10th Cir. 2009). We also lack jurisdiction to consider Petitioner's argument that he is entitled to withholding of removal as a member of a disfavored group under the Ninth Circuit test set forth in *Sael v. Ashcroft*, 386 F.3d 922, 925-29 (9th Cir. 2004). Although Petitioner's brief to the Board of Immigration Appeals made a cursory reference to this test, it was made in the context of the immigration judge's denial of his asylum claim not his withholding of removal claim; and it did not put the Board on notice of the argument he advances before this court—that the immigration judge erred by failing to assess his withholding of removal claim under the disfavored group framework. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("[A]n alien must present the *same specific legal theory* to the BIA before he or she may advance it in court.").

　　For the foregoing reasons, we **DENY** the petition for review.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge

4